May it please the Court, I'll introduce myself. I am DeAnthony Thetford. I represent Antonio Brown, the appellant in this case. We're before the Court because we believe that the District Court has given the District Court the authority to decide whether or not a person is to be charged with possession of a firearm. The District Court cited several reasons and some as to its decision. Namely, they drew an inference that Mr. Brown had intended to participate in a drive-by shooting that would have often killed an innocent person. They concluded that he was a poor candidate for rehabilitation because he had been arrested within a year of his release from the Illinois Department of Corrections. The Court perceived that Mr. Brown was proud of his association with firearms, that he was 25 years old and he had only been gang-slinged for seven months, that he posed a serious and severe danger to those around him based on those reasons, and that a prior imprisonment of 48 months was totally insufficient to delay, much less deter, repetitive criminal conduct. The Court then imposed a sentence that was 100 percent above the max suggested sentence under the Sentencing Guidelines. Where there is a significant upward variance, the District Court must give quite compelling reasons as to why the Court would have made such a decision. Here, the District Court's compelling reason was essentially its belief that Mr. Brown would participate in a drive-by shooting. There was no evidence to support the Court's position in this regard. Namely, the Court relied on its perception that because of the nature of the that he was bound to participate in a drive-by shooting in a stolen car. In fact, the Court went on to cite its position regarding nearly 2,000 shootings that had happened in Chicago in the year 2019 alone. We believe that this approach was improper for the Court. Namely, the Court, and I will cite People v. Miller, a case that I cited in my brief, a case that was cited by this Court, where a sentence should be based on particularized factors as it relates to the defendant, not a generalized assumption as to what the defendant is capable of. In Miller, if the Court will remember, this was a sex offense where the Court sentenced the defendant in that case to an above-the-guideline sentence because of its belief that recidivism was high among sex offenders. That was a generalized position where this Court ordered a remand based on that flawed reasoning. In addition, Your Honors, this Court, I mean, this case is most analogous to United States v. Jackson, which I also cite in my brief. In Jackson, a defendant charged similarly to my client with felon in possession was sentenced to 96 months in the Bureau of Prisons where the guidelines called this was more than double or about double the max guidelines similar to the case before the Court. In that case, however, where the Court sustained that sentence, there were factors clearly different from what is before this Court. In that case, the evidence is clear that the gun for which the defendant was convicted of possessing was a gun that had been used, had been fired at victims in the case, and the intention of the defendant's use of that gun was to harm a romantic rival. Also in that case, the defendant had sufficient or significant violent conviction in his background. That is not the case. It was not the case of Mr. Brown. Mr. Brown had one prior conviction for an attempted armed robbery, and there was no other history of violence or possessions related to Mr. Brown. Mr. Thedford, before you proceed further, you have one minute to your rebuttal. You reserved four minutes for rebuttal. I will rest here and save my minute for rebuttal. Thank you. Oh no, you do have four. You have five minutes left, so you have a minute left before you are into your rebuttal time. Yes, Your Honor. I will make one other point then. The Court further cited my client's lack of employment as a reason for his sentence. That is improper under U.S. Penitentiary Guidelines 5H1.5, as I cited in my brief. I will reserve the rest of my time for rebuttal, Your Honor. And that's fine. Thank you. Thank you. Mr. Sue. Good morning, Your Honors. Devlin Sue for the United States. May it please the Court, the District Court's was substantively reasonable and it was procedurally sound. It was substantively reasonable in light of the 3553A factors that the Court analyzed. First, with respect to the nature and circumstances of the offense, as the District Court reasonably inferred, this offense was extra serious and extra dangerous when the defendant illegally possessed a semi-automatic pistol with 61 rounds of ammunition loaded into two separate large-capacity magazines inside a stolen car onto the streets of Chicago at night. Under those circumstances and without an alternative explanation to consider, the District Court made a reasonable inference that there was no legitimate purpose for the defendant to be carrying that weapon with him other than to use it offensively, which obviously posed a great danger to the public. The District Court then evaluated the defendant's history and characteristics properly, noting that this was somebody who had recently been sentenced to eight years in prison for a violent offense involving a weapon. He only served four years of that and then committed this offense just seven months after being released from prison. He correctly noted this was somebody who had been repeatedly pictured on social media and on videos holding and brandishing similar weapons before, which again lends further credence to the idea that the defendant viewed these weapons and correctly noted that this was a defendant who had been personally shot seven times, had two family members murdered, but nevertheless repeatedly chose to engage in illegal gun possession and correctly took into account the defendant's lack of employment history as a 3553A marker reflecting his likelihood of rehabilitation and his capacity to be a productive member of society. The District Court then discussed other 3553A goals, namely the need to promote general and specific deterrence and promote respect for the law. The District Court properly considered each of these factors to be paramount to the sentence in light of the gun violence scourge that's still affecting this district to this day in light of the defendant's inability to be deterred from committing another firearms offense even by a recent fifth sentence, even by four years actually served in prison, and in light of the defendant's documented unwillingness to abide by firearms laws. And so based on all these 3553A factors, the vast majority of which was aggravating, the 82-month sentence here was substantively reasonable and was certainly not an abuse of discretion. It was also procedurally sound in that the District Court sufficiently explained the 3553A analysis, specifically explaining that any sentence below 48 months would be insufficient here given his most recent prison sentence. And so with 48 months as the floor, the remainder of the 82-month sentence was adequately explained by the judge's other comments regarding the factors I just discussed. The District Court was not required to explain each unit of time above the guidelines range it imposed, was not required to frame his sentence as a departure from the guideline range, and indeed there's now even a presumption that an given these legal principles, given that the defendant has not raised any other arguments attacking the procedure by which the sentence was imposed, the sentence was procedurally sound as well. And so at this point I'm happy to answer any questions from the court. If there are none, we would respectfully request that this court affirm the defendant's sentence. Thank you very much. Mr. Thetford. Yes, Your Honor. Thank you, Your Honor. As to counsel's argument, as to the defendant's background, it should be noted that the defendant has one prior conviction. That prior conviction was for, again, an attempted armed robbery. There was nothing in the information that the court had before to ask the facts behind that case. What we do know is and what was submitted via probation was that the defendant was a participant in an attempted armed robbery, was not charged with actually possessing a weapon, was charged with being a participant along with co-defendants in an attempted robbery. The background was not discharged and background was not used in a manner consistent with harming others. Also, the court should note that the actual possession of a weapon under the guidelines or under our sentencing guidelines is not a crime of violence as indicated in the first instance. That is important because the court in articulating its reasons for sentencing Mr. Brown repeatedly referred to violence or a crime of violence. My client was not convicted of that. He pled guilty and should have been sentenced within the guideline range because all of those factors that the court used in making its determination were considered as a part of the sentencing guidelines themselves. We are asking that the case be remanded for re-sentencing. Thank you. Thank you very much. Thanks to both counsel. The case is taken under advisement and the